UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN DOE,

                                    Plaintiff,

                    -against-                                                 24-cv-08810 (LAK)


SEAN COMBS, et al.,

                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OPINION

LEWIS A. KAPLAN, *District Judge.*

              Plaintiff "John Doe" claims that Sean Combs, a well-known rapper and record producer, sexually assaulted him, and that several businesses owned or controlled by Combs enabled him to do so.  The question before the Court is whether the plaintiff should be permitted to litigate this case without revealing his identity.  For the following reasons, the plaintiff's motion to proceed anonymously is denied.

### *Background*

              The plaintiff alleges that, in 2022, he socialized with Sean Combs' business associates at a Miami nightclub.[1]  The associates subsequently drove the plaintiff to an after-party hosted by Combs at a residential home in Miami, Florida.[2]  After arriving at the party, an associate of Combs

---

[1]          Dkt 1 (Complaint) at ¶ 36.

[2]          *Id.* at ¶¶ 36, 37.

accompanied the plaintiff upstairs and introduced him to Combs.[3]  Combs offered the plaintiff a

drink laced with drugs, and directed the plaintiff on a tour of the house.[4]  The tour concluded in a

bedroom, and while the plaintiff slipped in and out of consciousness from the effect of the drugs,

Combs raped him in the presence of several other people.[5]  After the assault, the plaintiff "was left

unconscious, naked, and afraid."[6]  The next morning, Combs' associates escorted the plaintiff out

of the home.[7]  Plaintiff contends that, since the night of the alleged assault, he has "suffered

significant physical and mental harm, including anxiety disorders and a fear of group gatherings."[8]

Combs currently is incarcerated while awaiting trial on federal criminal charges, including sex

trafficking and racketeering.[9]

## Discussion

"Federal court proceedings and records presumptively are public absent a showing

of exceptional circumstances."[10]  Accordingly, "[t]he title of [a] complaint must name all the

parties."[11]  This rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings

---

[3]
    *Id.* at ¶¶ 38, 39

[4]
    *Id.* at ¶ 39.

[5]
    *Id.* at ¶¶ 40-43.

[6]
    *Id.* at ¶ 1.

[7]
    *Id.* at ¶ 45.

[8]
    *Id.* at ¶ 46.

[9]
    *Id.* at ¶¶ 20, 24.

[10]
    *Rapp v. Fowler*, 537 F. Supp. 3d 521, 526 (S.D.N.Y. 2021).

[11]
    Fed.R.Civ.P. 10(a).

and therefore cannot be set aside lightly."[12]  Although there is a presumption that the parties will disclose their names, a district court has discretion to grant an exception to this requirement in certain limited circumstances.[13]  An exception is appropriate "only where the litigant seeking to proceed anonymously has a substantial privacy interest that outweighs any prejudice to the opposing party and 'the customary and constitutionally-embedded presumption of openness in judicial proceedings.'"[14]

The Second Circuit has identified a "non-exhaustive" list of factors to assist district courts in balancing these interests.[15]  A district court is "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion."[16]  The ten factors are:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature,
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties,
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the

---

[12]

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008).

[13]

*See id.* at 189.

[14]

*See Rapp*, 537 F. Supp. 3d at 526–27 (quoting *Sealed Plaintiff*, 537 F.3d at 189).

[15]

*See Sealed Plaintiff*, 537 F.3d at 189–90.

[16]

*Id.* at 191 n.4.

4

disclosure of the plaintiff's identity,

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age,

(5) whether the suit is challenging the actions of the government or that of private parties,

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court,

(7) whether the plaintiff's identity has thus far been kept confidential,

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity,

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.[17]


### I.    *Factors 1 and 7:  Whether the Case Involves Highly Sensitive and Personal Claims; Whether the Plaintiff has Kept his Identity Confidential*

The plaintiff alleges that Combs violently raped him in the presence of multiple strangers.  Undoubtedly, this is a highly sensitive and personal claim, and the plaintiff's privacy

---

[17] *Id.* at 189-90.

5

interest is compelling.[18]  The first factor thus favors the plaintiff's use of a pseudonym.  However, "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym."[19]  Because there is no evidence before the Court that the plaintiff has spoken publicly about the incident,[20] the seventh factor likewise favors anonymity.  These two factors, however, are not dispositive.

## II.    Factor 2, 3, and 4:  Risk of Harm to the Plaintiff and Others

The second factor is "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties."[21]  Plaintiff states that he has developed anxiety disorders as a result of the alleged sexual assault,[22] and that public disclosure would cause him further trauma.[23]

The Court appreciates that sexual assault often has long-term, devastating consequences for victims.  Given that the defendant is a public figure, this case may attract exceptional media attention and public scrutiny, which understandably might cause the plaintiff embarrassment and distress.  "But the threat of significant media attention – however exacerbated

---

[18]    See Rapp, 537 F. Supp. 3d at 528 ("Allegations of sexual assault are paradigmatic examples of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym.") (quotation omitted).

[19]    See Doe v. Skyline Automobiles Inc., 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019).

[20]    Dkt 8 (Pl. Mem.) at 8.

[21]    See Sealed Plaintiff, 537 F.3d at 190.

[22]    Dkt 1 at ¶ 46.

[23]    Dkt 8 at 6.

by the modern era – alone does not entitle a plaintiff to the exceptional remedy of anonymity."[24]

Overcoming the presumption of openness requires particularized evidence that disclosure will cause injury.[25] "[G]eneralized harm, absent more direct evidence linking disclosure of [the plaintiff's] name to a specific physical or mental injury, is insufficient."[26] The plaintiff has not provided support from a medical professional, or any other evidence, to corroborate his claim that disclosure would cause him psychological injury.[27] Instead, the plaintiff offers only a vague, generic, and speculative claim that "having [his traumatic experience] played out in a public forum could spark more trauma."[28] This conclusory assertion of the possibility of generalized harm – applicable to all victims of sexual assault – is insufficient to carry his burden.

The plaintiff cites *Doe v. Smith*[29] in support of his argument that his risk of mental harm weighs in favor of granting his request to proceed anonymously. In that case, however, the

---

[24]

*Rapp*, 537 F. Supp. 3d at 527–28.

[25]

*See Doe v. Freydin*, No. 21-CV-8371 (NRB), 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021) ("[T]o justify the exceptional relief of proceeding anonymously, plaintiff must establish with sufficient specificity the incremental injury that would result from disclosure of her identity.").

[26]

*Doe v. Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019).

[27]

*See Doe v. Combs*, No. 24-CV-8054 (MKV), 2024 WL 4635309, at *3 (S.D.N.Y. Oct. 30, 2024) reconsideration denied, No. 24-CV-8054 (MKV), 2024 WL 4753565 (S.D.N.Y. Nov. 12, 2024) ("Plaintiff's counsel has not submitted evidence from any mental health professional, a sworn affidavit from Plaintiff, or any other evidence to support counsel's bald assertion that disclosure of Plaintiff's identity would injure her mental health. As such, Plaintiff has not carried her burden under governing law to show mental harm sufficient to justify anonymity."); *see also Doe v. Weinstein*, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020) ("Without corroboration from medical professionals, however, [plaintiff's] general allegation of potential trauma is 'mere speculation' about a risk of psychological injury that cannot support her motion to proceed under a pseudonym.").

[28]

Dkt 8 at 6.

[29]

*Id.*

court denied the plaintiff's first motion to proceed anonymously because she had not satisfied "her burden of presenting the type of extraordinary circumstances that would overcome the public interest in open judicial proceedings."[30] Initially, the plaintiff failed to provide "particularized evidence that proceeding publicly would cause the plaintiff personal harm" and instead "relied upon generic allegations applicable to all litigants suffering from mental illness."[31] The court did not grant the motion until the plaintiff "substituted specific evidence [from a medical professional] predicting that revelation of her identity will likely cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life."[32] Here, the plaintiff provided no comparable evidence.

Plaintiff argues also that disclosure would pose a significant risk of physical harm. The only support for this claim is his counsel's declaration that "[n]early all of the victims represented by [his firm] experienced similar threats of violence against either themselves or their loved ones."[33] There is no basis for assuming that plaintiff's counsel has reliable information to that effect. Moreover, the plaintiff has not stated whether he – rather than unspecified others – experienced any such threats. Because the "people have a right to know who is using their courts,"[34]

---

[30]    *See Doe v. Smith*, 105 F. Supp. 2d 40, 43 (E.D.N.Y. 1999).

[31]    *Id.*

[32]    *Id.*

[33]    Dkt 8 at 6.

[34]    *See Sealed Plaintiff*, 537 F.3d at 189 (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)).

a plaintiff must articulate more than "speculative risks of harm" to proceed anonymously.[35]  The plaintiff has not done so in the materials offered to the Court.  This factor therefore weighs against plaintiff's use of a pseudonym.

With respect to the third factor, which considers other harms that would be posed by disclosure, the plaintiff has failed to identify any.  And as to the fourth factor, which considers the plaintiff's age or other particular susceptibility to harm, the plaintiff is not a minor, nor was he a minor at the time of the alleged assault.  He has not identified any other characteristic that would make him particularly vulnerable.  Factors 2, 3, and 4 therefore weigh against the plaintiff proceeding anonymously.

### III. Factor 6: Prejudice to the Defendants

The sixth factor considers whether the defendant would be "prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court."[36]  To assess this factor, courts have examined "the reputational damage to defendants, difficulties in conducting discovery, and fundamental fairness of proceeding anonymously."[37]

Plaintiff claims that his use of a pseudonym would not prejudice the defendants because "other than a short house tour immediately prior to the assault, Plaintiff was anonymous to

---

[35]

        *See United States v. UCB, Inc.,* No. 14-CV-2218 (TPG), 2017 WL 838198, at \*4 (S.D.N.Y. Mar. 3, 2017).

[36]

        *See Sealed Plaintiff,* 537 F.3d at 190.

[37]

        *See Doe v. Townes,* No. 19CV8034ALCOTW, 2020 WL 2395159, at \*5 (S.D.N.Y. May 12, 2020).

Combs before, during, and after the sexual assault."[38]  This argument is nonsensical.  The fact that the plaintiff was a stranger to Combs at the time of the assault does not obviate the disadvantage faced by the defendants if the plaintiff's identity is unknown during the course of the lawsuit. Whether or not the plaintiff was known to the defendants prior, during, or after the assault, use of a pseudonym by the plaintiff would cause a significant asymmetry in fact-gathering.

Confidentially disclosing the plaintiff's name to the defendants' counsel, as plaintiff's counsel suggests, would not eliminate the potential prejudice.[39]  Even if the plaintiff's identity were known to the defendants, they would face a sizable disadvantage because persons with valuable information about the plaintiff or his allegations would not be alerted to the case.[40]  Particularly in a high profile case in which unknown witnesses may surface, use of a pseudonym may prevent information favorable to the defendants from coming to light.[41]  Additionally, the plaintiff's anonymity may undermine the defendants' efforts to mitigate the alleged reputational damage stemming from these serious allegations.  Moreover, "fundamental fairness suggests that defendants are prejudiced when required to defend themselves publicly [. . .] while plaintiff makes accusations from behind a cloak of anonymity."[42]

The plaintiff is correct that the prejudice potentially suffered by the defendants would be less severe at this early stage in the lawsuit, and that the court may reserve the right to order

---

[38]     Dkt 8 at 7.

[39]     See *id.* at 2.

[40]     See *Rapp*, 537 F. Supp. 3d at 531.

[41]     See *id.*

[42]     See *Rapp*, 537 F. Supp. 3d at 531–32 (quotations omitted).

disclosure at a later stage.[43] Even considering this, the sixth factor does not favor the plaintiff's use of a pseudonym.

### IV. Factors 5, 8, and 9: Factors Related to the Public Interest in Open Court Proceedings

The eighth factor considers "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity."[44] "Lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them," including "the identity of the parties."[45] Here, the public's interest is "magnified because [the plaintiff] has made his allegations against a public figure."[46] This interest is weighed against the public's competing "interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes."[47] The Court takes this potential chilling effect seriously. However, furthering this interest does not require "maintaining the anonymity of *every* person who alleges sexual assault or other misconduct of a highly personal nature."[48]

The fifth factor considers "whether the suit is challenging the actions of the government or that of private parties."[49] Courts recognize that open judicial proceedings in private

---

[43]      Dkt 8 at 7.

[44]      *See Sealed Plaintiff*, 537 F.3d at 190.

[45]      *See Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996).

[46]      *See Rapp*, 537 F. Supp. 3d at 532.

[47]      *See Doe on behalf of Doe No. 1 v. Nygard*, No. 20 CIV 6501 (ER), 2020 WL 4890427, at *3 (S.D.N.Y. Aug. 20, 2020).

[48]      *See Rapp*, 537 F. Supp. 3d at 533.

[49]      *See Sealed Plaintiff*, 537 F.3d at 190.

civil suits "not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms."[50]  A plaintiff that challenges governmental action, on the other hand, often has a stronger interest in anonymity.[51]  The fifth factor thus favors disclosure of plaintiff's identity.

The ninth factor considers whether, because of the purely legal nature of the issues presented, there is an atypically weak public interest in knowing the litigants' identities.  Plaintiff's claims are factual in nature, which weighs against anonymity.

On balance, Factors 5, 8, and 9 weigh against the plaintiff's use of a pseudonym.

## V.    *Factor 10: Alternative Mechanisms for Protecting Confidentiality*

The tenth factor, which considers "whether any alternative mechanisms could protect the plaintiff's interests in confidentiality,"[52] weighs also against anonymity.  The plaintiff "can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, or a protective order."[53]

---

[50]
See Doe v. Del Rio, 241 F.R.D. 154, 159 (S.D.N.Y. 2006).

[51]
See id. ("[W]here a lawsuit is brought solely against the government and seeks to raise an abstract question of law that affects many similarly situated individuals, the identities of the particular parties bringing the suit may be largely irrelevant to the public concern with the nature of the process."); see also EW v. New York Blood Ctr., 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[W]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong.").

[52]
See Sealed Plaintiff, 537 F.3d at 190.

[53]
See Weinstein, 484 F.Supp.3d at 97-98 (citations omitted).

*Conclusion*

With the exception of Factors 1 and 7, all the factors weigh against the plaintiff's use of a pseudonym. Although the plaintiff's privacy interest is substantial, he has failed to present the particularized evidence required to overcome the presumption of disclosure. Plaintiff's motion to proceed anonymously [Dkt. 6] therefore is denied. Plaintiff shall file an amended complaint including his name no later than February 4, 2025.

SO ORDERED.

Dated:        January 22, 2025

Lewis A. Kaplan
United States District Judge