UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

Anthony Tate,

               *Plaintiff*,                          No. 1:24-cv-08810-LAK

         v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC.,
BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC, and
ORGANIZATIONAL DOES 1-10,

               *Defendants*.

-------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS

### THE BUZBEE LAW FIRM
David Fortney (*admitted pro hac vice*)
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

**CURIS LAW, PLLC**
Antigone Curis
52 Duane Street, 7th Floor
New York, New York 10007

1

Plaintiff Anthony Tate ("Plaintiff"), by and through his undersigned counsel The Buzbee Law Firm and Curis Law PLLC, hereby files this Memorandum of Law in Opposition to the Combs Defendants' motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth herein, the instant motion should be denied.

## PRELIMINARY STATEMENT

Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (the "Combs Defendants" and, exclusive of Sean Combs, the "Corporate Defendants") move to dismiss Plaintiff's amended complaint (Dkt. 24) on two grounds. First, the Combs Defendants assert that Plaintiff's claim is untimely under CPLR 202 (New York's "borrowing statute") and New York's one-year statute of limitations for battery. Second, the Combs Defendants assert that the allegations of the Amended Complaint fail as to the Corporate Defendants, who cannot be liable on a theory of vicarious liability under New York or Florida law. Defendants' arguments are misplaced and the Motion must be denied.

## STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(6), "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support her claims." *Palkovic v. Johnson*, U.S. App. LEXIS 12600, *5 (2d Cir. Jun. 13, 2008). Therefore, in considering Defendant's motion to dismiss, the Court must accept as true all of the factual allegations in the Complaint and draw all inferences in Plaintiff's favor. *Rolon v. Henneman*, 517 F.3d 140, 142 (2d Cir. 2008). Further, the Court's task is "merely to assess the

legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. *Leavitt v. Bear Sterns & Co.*, 340 F.3d 94, 101 (2d Cir. 2007).

## FACTUAL SUMMARY

In 2022, Plaintiff met associates of Combs' businesses at a nightclub in Miami. Amended Complaint (Dkt. 24) at ¶ 36. Plaintiff did *not* consume alcohol at the nightclub. *Id.* After spending some time with the aforementioned associates, one of them invited Plaintiff to an after-hours party being hosted by Combs at his residence. *Id.* Combs' associates then escorted Plaintiff to a black SUV, which drove Plaintiff and a female to the party at Combs' house. *Id.* ¶ 37.

After arriving, Plaintiff entered the house; he recognized many of the guests as public figures. *Id.* ¶ 38. While mingling and speaking with others, an associate of Combs approached Plaintiff and indicated that Combs wish to meet with him. *Id.* ¶ 39. The associate took Plaintiff to the upstairs area of Combs' residence, where Combs greeted him with a beverage and offered a tour of the home. Plaintiff obliged and began to follow Combs throughout the residence. *Id.*

Ultimately, the "tour" of Combs' residence came to an end in a bedroom, which smelled strongly of marijuana. *Id.* ¶ 40. Five other individuals – aside from Combs, were inside the aforementioned bedroom as well. When Plaintiff and Combs entered the room, Combs demanded the women perform sexual dances and sexual acts on the other three men present. *Id.* Around this time, Plaintiff began to suddenly feel weak and disoriented. Plaintiff had never experienced this when consuming alcohol previously. As Plaintiff's condition deteriorated, he began to lose consciousness. Plaintiff knew he had been drugged. *Id.* ¶ 41.

Shortly thereafter, Plaintiff lost consciousness. At some point later, he woke to a sharp pain in his rectum and anus. As he regained some degree of awareness, Plaintiff observed that his clothing were missing, yet he could not remember removing them himself or where they went. *Id.*

3

¶ 43.  As Plaintiff turned to check the pain coming from his anus, he saw Combs standing behind him, fully naked and with a fully erect penis, trying to insert his penis into Plaintiff's anus. Plaintiff then heard Combs "talking dirty" to him and the others present. He recalls Combs telling him "this is what you want," while smiling in a disturbing manner. The drugs that had been forced into Plaintiff's system led to Plaintiff being unable to resist the attack or fight back. Shortly after, Plaintiff slipped back into a state of unconsciousness. *Id.*

The next morning, Plaintiff awoke in the same bedroom entirely alone. *Id.* ¶ 44.  Almost immediately, as if someone could see inside the bedroom from some other location, a member of Combs' security team entered the room, handed Plaintiff his clothing, and instructed him to dress and leave the residence. Combs' associates and security team then escorted Plaintiff out of the residence, driving him back to the Miami nightclub, and leaving him there traumatized and violated. *Id.* ¶ 45.

Since that evening, Plaintiff has suffered significant physical and mental trauma and harm. This includes anxiety disorders and fear of group gatherings. *Id.* ¶ 46.

## ARGUMENT

### A.    This Action is Timely

Defendants assert that New York's "borrowing statute," CPLR section 202, applies here and that New York's one-year statute of limitations for assault is correctly viewed as the applicable New York state limitations period to apply.  *See* Motion at 3.  Plaintiff does not contest that CPLR section 202 applies.  However, Defendants have mischaracterized Plaintiff's claim as one merely for "battery," and so they fail to apprehend the applicable New York statute of limitation that should apply for purposes of CPLR section 202.

Plaintiff's claim arises under Florida law because Florida was the site of the sexual assault of Plaintiff.  His claim, moreover, is for battery *and sexual battery*.  Dkt. 24 at ¶¶ 47-57.  A sexual battery in Florida is defined as "oral, anal or female genital penetration by, or union with, the sexual organ of another or the anal or female genital penetration of another by any other object" without consent.  Florida Statutes § 794.011.  The statute of limitations in Florida for Plaintiff's claim is four years.  Florida Statutes § 95.11(3)(n).

The New York correlate statute of limitation is not simple battery governed by CPLR 215(3).  Rather, the New York correlate statute of limitation is CPLR 213-c governing actions by victims of "conduct constituting certain sexual offenses."  *See* CPLR § 213-c.  That statute of limitation provides for a period of twenty years in which to bring an action.  *Id.*  Plaintiff here was drugged (and therefore incapable of giving consent) and thereafter raped by defendant Combs.  Accordingly, his claim falls within CPLR 213-c, and under CPLR 202, the shorter Florida statute of limitation applies – which, at four years, means that this action was timely filed as the events occurred in 2022 and Plaintiff's complaint was filed in 2024.

**B.    The Corporate Defendants Should Not Be Dismissed**

Beyond that, Defendants' argument that the complaint fails to allege any basis for the corporate defendants' liability ignores numerous well-pleaded allegations that the Combs Businesses existed and were run by Combs for the purpose of allowing him to commit the type of sexual assault described in the complaint.  Moreover, it is simply too early to conclude that the corporate defendants have no potential liability here.  Finally, this argument, in any event, does not apply to Defendant Combs, who cannot and should not be dismissed under any of Defendants' arguments.

The Combs Defendants argue that the allegations against the Company Defendants are not specific enough under Rule 8. On a motion to dismiss, the Court's analysis of the plaintiff's claims is limited to the four corners of the pleading, the allegations of which are given liberal construction and accepted as true. *See Johnson v. Proskauer Rose LLP*, 129 A.D.3d 59 (1st Dept. 2015). As such, when considering a motion to dismiss a complaint, the sole criterion is whether the pleading states a cause of action, and if, from the complaint's four corners, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, motion for dismissal will fail. *See Pacific Carlton Development Corp. v. 752 Pacific, LLC*, 62 A.D.3d 677 (2nd Dept. 2009); *Ruffino v. New York City Transit Authority*, 55 A.D.3d 817 (2nd Dept. 2008); *see Sheridan v. Carter*, 48 A.D.3d 444 (2nd Dept. 2008); *Operative Cake Corp. v. Nassour*, 21 A.D.3d 1020 (2nd Dept. 2005).

Accordingly, on a motion to dismiss, a court should not resolve the merits of a claim by making factual determinations. *See T. Lemme Mechanical, Inc., v. Schalmont Cent. School Dist.*, 52 A.D.3d 1006 (3rd Dept. 2008). It is not the function of the Court to evaluate the merits of a case. *See Carbillano v. Ross*, 108 A.D.2d 776 (2nd Dept. 1985). Whether a plaintiff can ultimately establish her allegations is not part of the calculus in determining a motion to dismiss. *See Farber v. Breslin*, 47 A.D.3d 873 (2nd Dept. 2008). Rather, on a motion to dismiss, it is the trial court's duty to determine whether upon any rational construction of the evidence, trier of facts could find for plaintiff, and not to weigh proof. *See Choi v. Mann*, 104 A.D.2d 354 (2nd Dept. 1984). On a motion to dismiss for failure to state cause of action, any fact that can be fairly implied from the pleadings will be deemed alleged. *See L. Magarian & Co., Inc., v. Timberland Co.*, 245 A.D.2d 69 (1st Dept. 1997).

A pleading attacked for insufficiency must be accorded a liberal construction, and if it states, in some recognizable form, any cause of action known to law, it cannot be dismissed. *See Schlackman v. Robin S. Weingast & Associates, Inc.*, 18 A.D.3d 729 (2nd Dept. 2005). If any portion of any cause of action is sufficient, it should not be dismissed on motion. *See Lacks v. Lacks*, 12 N.Y.2d 268 (1963); *Napoli v. St. Peter's Hospital of Brooklyn*, 213 N.Y.S.2d 6 (1961). When a cause of action may be discerned, no matter how poorly stated, the complaint should not be dismissed for failure to state cause of action. *See L. Magarian & Co., Inc., v. Timberland Co.*, 245 A.D.2d 69 (1st Dept. 1997).

Indeed, to survive a motion to dismiss for failure to state a cause of action, a pleading need only state allegations from which damages attributable to the named defendants conduct may reasonably be inferred. *See Fielding v. Kupferman*, 65 A.D.3d 437 (1st Dept. 2009). A motion to dismiss for failure to state a cause of action is available only where dispute pertains to law, not facts. *See Abrams v. Richmond County S.P.C.*, 125 Misc.2d 530 (1984); *New York State AFL-CIO v. Stimmel*, 105 Misc.2d 545 (1980).

The Amended Complaint pleads in detail that Defendant Combs used the various companies he controlled for purposes of accomplishing his ulterior motives of sexual exploitation and assault. Complaint ¶¶ 2-10, 20, 24-30. It is premature at this juncture to grant defendants' motion as discovery has not yet commenced and the Company Defendants have yet to even answer the Complaint. Discovery may reveal that one or more of Combs' companies sponsored or was otherwise involved with the event Plaintiff attended, as was the case with so many of the events defendant Combs attended. It is significant to note that the information that plaintiff seeks is within the exclusive knowledge of defendants and can only conclusively be ascertained through discovery and party depositions. In *Morris v. Goldstein*, 223 A.D. 2d 582 (2nd Dept. 1996), the Court held

that defendant was not entitled to summary judgment since information concerning defendant's relationship with the defendant was within the exclusive knowledge of defendants and further disclosure was necessary.

Further, the Amended Complaint pleads that the Corporate Defendants created the conditions by which Combs could pursue his tortious conduct.  Generally, negligent hiring, retention, and supervision claims "require allegations that an employer knew of its employee's harmful propensities, that it failed to take necessary action, and that this failure caused damage to others." *See Bumpus v. New York City Transit Authority*, 47 A.D.3d 653 (2d Dept. 2008). However, New York Courts, including the Court of Appeals, have held that a defendant may be held liable for creating the circumstances which lead to abuse, regardless of whether a defendant had prior notice of a perpetrator's abusive propensity. *See Bell v Bd. Of Educ.*, 90 N.Y.2d 944, 947 (1997), holding ("[t]he criminal intervention of third parties may, however, be a reasonably foreseeable consequence of circumstances created by the defendant."  *See also John Doe v. Fulton School Dist.*, 35 A.D.3d 1194, 1195 (4th Dept. 2006) (holding that a jury could find that the injury to the plaintiff's son was a reasonably foreseeable consequence of the defendant district's failure to provide adequate supervision, even in the absence of notice of a prior sexual assault); *Coon v. Board of Educ.*, 160 A.D.2d 403, 403 (1st Dept. 1990) ("[t]he duty of a school district to supervise is unqualified and mandatory. Where duty to supervise is mandatory, notice is not an issue."); *Gonzalez v. Mackler*, 19 A.D.2d 229, 231 (1st Dept. 1963) (holding that even in the absence of allegations that there had been prior notice, issues of fact existed concerning whether the occurrence was proximately caused by the "omission to supply supervision").

Although an employer cannot be held vicariously liable "for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's

business,' the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee…The employer's negligence lies in having 'placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer take reasonable care in making decisions respecting the hiring and retention' of the employee." *Johansmeyer v. New York City Dept. of Ed.*, 165 A.D.3d 634 (2d Dept. 2018) (internal citations omitted). Here, the allegations of the Amended Complaint show a possibility that the Corporate Defendants may be liable for, at minimum, a failure to supervise. Defendants' motion must therefore be denied.

## **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that this Court deny the Combs' Defendants' Motion to Dismiss in its entirety.

Dated: April 16, 2025

Respectfully submitted,

## **CURIS LAW, PLLC**

By: */s/ Antigone Curis*

**CURIS LAW, PLLC**
Antigone Curis
antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

## **THE BUZBEE LAW FIRM**
David Fortney (*admitted pro hac vice*)
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909