```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
ANTHONY TATE,

                        Plaintiff,

            -against-                                      24-cv-8810 (LAK)


SEAN COMBS, et al.,

                        Defendants.
------------------------------------------x
```

**MEMORANDUM OPINION**

Appearances:

>           Antigone Curis
>           CURIS LAW PLLC
>
>           David Fortney
>           THE BUZBEE LAW FIRM
>
>           *Attorneys for Plaintiff*
>
>           Michael Tremonte
>           Mark Cuccaro
>           Erica Wolff
>           Raphael A. Friedman
>           SHER TREMONTE LLP
>
>           *Attorneys for Defendants*

LEWIS A. KAPLAN, *District Judge.*

Plaintiff Anthony Tate here claims that defendant Sean Combs, in Miami, Florida, drugged and sodomized him without his consent in 2022. He seeks damages for that alleged sexual assault from Combs and various of his business enterprises. Defendants move to dismiss Mr. Tate's

2

first amended complaint on the ground that it is barred by New York's one year statute of limitations for simple battery made applicable here by New York's borrowing statute. Even if the case were not time barred, the business enterprises assert that Mr. Tate's complaint does not sufficiently allege facts that, if established, would render them liable for Combs' alleged acts.

*Statute of Limitations*

New York's so-called borrowing statute provides in substance that a cause of action accruing outside New York in favor of a non-N.Y. resident that is commenced in a New York court is governed by the shorter of the statutes of limitations of New York and the state in which the cause of action accrued.[1] Mr. Tate is a resident of Florida and the cause of action upon which he sues accrued in Florida. Hence, the timeliness of his claim is governed by the shorter of the statutes of limitation of New York and Florida.

The defendants' motion rests on the premise that New York's one year statute of limitations for simple battery applies to Mr. Tate's claim.[2] As this action was commenced in 2024, more than two years after the alleged assault on Mr. Tate, defendants argue, the claim is barred by New York's one year statute of limitations.

The problem with this argument is quite simple. The amended complaint alleges quite a bit more than simple battery. In substance, it alleges forcible rape, as Mr. Tate alleges that he was drugged and incapable of consenting to what allegedly was done to him. And that brings into

---

[1] *See* N.Y. CPLR § 202.

[2] *See* § 215(3).

play a quite different statute of limitations, viz. Section 213-c of the Civil Practice Law and Rules.

Section 213-c, originally enacted in 2006, now establishes a twenty year period of limitations for "all civil claims . . . brought by any person for physical, psychological or other injury or condition suffered by such person as a result of conduct which would constitute rape in the first degree . . . , or rape in the second degree . . . , or rape in the third degree . . ." or various other sexual offenses defined in the New York Penal Law.[3] The allegations of the amended complaint unquestionably allege facts that would bring Mr. Combs' alleged conduct within one or more of the offenses enumerated in Section 213-c. Both sides agree that the Florida statute of limitations, were it applicable in this case, would be four years.[4] As the Florida statute of limitations is shorter than that of New York, it is Florida's four year period that applies by virtue of New York's borrowing statute. As this claim was brought less than four years after it accrued, it is timely under Florida's four year statute of limitations, made applicable by New York's borrowing statute.

The defendants argue that Section 213-c does not apply to nonresident plaintiffs, such as Mr. Tate, who allege conduct that occurred outside of New York. In support of their argument, the defendants point to *S. H. v. Diocese of Brooklyn,* in which the Second Department concluded that Section 214-g of the Child Victims Act (the "CVA") does not apply extraterritorially to actions brought by nonresident plaintiffs alleging abuse perpetrated by a nonresident outside New York.[5]

Although the defendants attempt to equate Section 213-c with Section 214-g, the

---

[3] *See* § 213-c.

[4] *See* Dkt 37 (Defendants' Motion to Dismiss) at 3; Dkt 46 (Plaintiff's Response) at 5.

[5] *See* 205 A.D.3d 180, 190 (2d Dep't 2022).

4

effort fails. Section 213-c was originally adopted in 2006, more than a decade before the CVA. It initially established a five year statute of limitations for civil actions seeking recovery for injuries resulting from certain qualifying sexual conduct. In 2019, Section 213-c was amended to increase the five year statute of limitations to twenty years. Critically, Section 213-c does not revive actions that would otherwise be time-barred.

In *S. H. v. Diocese of Brooklyn*, the Second Department emphasized that Section 214-g of the CVA was a revival statute, which is an "extreme example[] of legislative power and . . . narrowly construed."[6] Accordingly, it construed Section 214-g as inapplicable to claims by nonresidents. But its reasoning does not apply to Section 213-c.

As an initial matter, Section 213-c is not a revival statute or a special category of law, the characterization of Section 214-g of the CVA that played an important role in limiting it to New York residents. Moreover, the *S.H.* court concluded that the legislative history of the CVA "evince[d] a clear intent to benefit New York survivors of sexual abuse."[7] The same is not true with respect to Section 213-c. The legislative history for Section 213-c suggests a general concern for victims of sexual abuse without reference to their residence.[8] Moreover, the plain language of the statute, which refers to claims brought by "any person," suggests no such limitation.[9]

---

[6] *See* 205 A.D.3d at 188.

[7] *Id.*

[8] *See* New York Bill Jacket, 2019 S.B. 6574, Ch. 315 ("Statutes of limitations on sexual offense cases impose a ticking clock on how long victims are able to come forward if they want to seek charges. For crimes of sexual violence in particular, the clock ticks against the trauma and culture of silence that prevents victims from speaking out.").

[9] N.Y. CPLR § 213-c ("[A]ll civil claims or causes of action brought by any person for physical, psychological or other injury or condition suffered by such person as a result of

5

Accordingly, there is no basis to prohibit application of Section 213-c to a sexual battery claim brought by a nonresident plaintiff against a resident defendant in a New York court. The proper New York limitations period is dictated by Section 213-c and, under New York's borrowing statute, Florida's four year statute of limitations applies to Mr. Tate's claim. As Mr. Tate brought his action within that four year period, there is no merit to the defendants' statute of limitations argument.

*The Corporate Defendants*

The corporate defendants argue that Mr. Tate's complaint does not plead sufficient facts to state a claim against them. To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face."[10] This standard is satisfied where the "pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

The corporate defendants argue that Mr. Tate fails to state a claim against them because he does not allege facts required to establish vicarious liability. Specifically, the complaint does not allege that Combs' actions were within the scope of his employment or that they were in furtherance of company business. Sexual misconduct, defendants argue, necessarily is outside the

---

conduct which would constitute [the specified sex offenses] may be brought against any party whose intentional or negligent acts or omissions are alleged to have resulted in the commission of the said conduct, within twenty years.").

[10] *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 570 (2007).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The legal sufficiency of a complaint in federal court is governed by FRCP Rule 8(a). Plaintiff incorrectly cites New York law for the standard governing the sufficiency of his pleading. *See* Dkt 46 at 6-7.

6

scope of employment, and the defendants therefore cannot be held liable vicariously for Combs' alleged assault.[12]

But even if Combs' alleged rape of the plaintiff were outside of the scope of his employment such that respondeat superior would be inapplicable, a point the Court does not now decide, it is possible for the corporate defendants to be held liable for negligent hiring, supervision, and retention of Combs. "A cause of action for negligent hiring and retention requires allegations that an employer knew of its employee's harmful propensities, that it failed to take necessary action, and that this failure caused damage to others."[13] "This theory of employer liability should be distinguished from the established legal doctrine of 'respondeat superior,' where an employer is held liable for the wrongs or negligence of an employee acting within the scope of the employee's duties or in furtherance of the employer's interests."[14] Unlike the theory of respondeat superior, "under the theory of negligent hiring and retention, an employer may be liable for the acts of an employee acting outside the scope of his or her employment."[15] The plaintiff's complaint alleges sufficient facts consistent with this theory to survive dismissal at this stage.

---

[12] *See* Dkt 37 at 5-6.

[13] *See Waterbury v. New York City Ballet, Inc.*, 205 A.D.3d 154, 160 (2022).

[14] *See Gonzalez v. City of New York*, 133 A.D.3d 65, 67 (2015).

[15] *Id.*

*Conclusion*

For the foregoing reasons, defendants' motion to dismiss the amended complaint (Dkt 36) is denied in all respects.

SO ORDERED.

Dated: May 20, 2025

Lewis A. Kaplan
United States District Judge