**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANTHONY TATE,

                      Plaintiff,

- against -

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a/ COMBS ENTERPRISES LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC, ORGANIZATIONAL DOES 1-10, and INDIVIDUAL DOES 1-10.

                      Defendants.

Case No. 24-cv-08810 (LAK)

**THE COMBS DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT**

Defendants Sean Combs ("Mr. Combs"), Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (collectively, the "Combs Defendants," and without Mr. Combs, the "Company Defendants") by and through their attorneys, hereby answer the Amended Complaint (ECF #24) of Plaintiff Anthony Tate as follows and state that any allegation in the Amended Complaint not expressly admitted is hereby denied:

**INTRODUCTION**

1. The first sentence in Paragraph 1 of the Amended Complaint purports to describe the contents of the Amended Complaint (all of which the Combs Defendants deny unless expressly admitted herein); the Combs Defendants respectfully refer the Court to the Amended Complaint for a full and complete recitation of its contents, and otherwise deny the allegations in Paragraph 1 of the Amended Complaint.

1

2. The Combs Defendants deny the allegations in Paragraph 2 of the Amended Complaint, except admit that Mr. Combs is a successful and award-winning rapper, record producer, and executive.

*Combs' Businesses*

3. The Combs Defendants deny the allegations of Paragraph 3 of the Amended Complaint, except admit that Mr. Combs has been affiliated with the Company Defendants and with businesses that have included activities in the music, clothing, television, media, and beverage industries.

4. The Combs Defendants deny the allegations in Paragraph 4 of the Amended Complaint.

5. The Combs Defendants deny the allegations in Paragraph 5 of the Amended Complaint to the extent they pertain to the Combs Defendants. To the extent the allegations in Paragraph 5 of the Amended Complaint pertain to persons or entities other than the Combs Defendants, the Combs Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

6. To the extent that Paragraph 6 of the Amended Complaint purports to state legal conclusions, no response is required. To the extent that a response is required, the Combs Defendants deny the allegations in Paragraph 6 of the Complaint.

*Combs' Pervasive History of Sexual Assault and Violence*

7. The Combs Defendants deny the allegations in Paragraph 7 of the Amended Complaint.

8. The Combs Defendants deny all allegations in Paragraph 8 of the Amended Complaint except admit that Mr. Combs was acquitted of all charges related to a 1999 shooting;

however, the Combs Defendants deny the characterizations of that event in Paragraph 8 of the Amended Complaint. The Combs Defendants further admit that Casandra Ventura filed a lawsuit against Mr. Combs, and that Mr. Combs has faced other lawsuits, but denies the characterizations in Paragraph 8 of the Amended Complaint of those lawsuits. The Combs Defendants respectfully refer the Court to the court filings in those lawsuits for a full and complete recitation of their contents.

9. The Combs Defendants deny the allegations in Paragraph 9 of the Amended Complaint.

10. The Combs Defendants deny the allegations in Paragraph 10 of the Amended Complaint.

11. The Combs Defendants admit that Mr. Combs was found guilty of criminal mischief in 1996 but deny the remainder of the allegations in the first sentence of Paragraph 11 of the Amended Complaint. The Combs Defendants admit that Mr. Combs was arrested and charged with—but never convicted of—second-degree assault and criminal mischief in 1999; however, the Combs Defendants deny the remainder of the allegations in the second sentence of Paragraph 11 of the Amended Complaint. The Combs Defendants admit that Mr. Combs was arrested a second time in 1999, but deny the remainder of the allegations in the third sentence of Paragraph 11 of the Amended Complaint. The Combs Defendants deny the remainder of the allegations in Paragraph 11 of the Amended Complaint except admit that a video surfaced depicting an altercation in a hotel in 2016 that involved Mr. Combs.

12. The Combs Defendants deny the allegations of Paragraph 12 of the Amended Complaint, except admit that civil lawsuits have been filed against Mr. Combs that allege acts of sexual misconduct. To the extent that Paragraph 12 purports to describe the contents of legal

filings in other cases, the Combs Defendants respectfully refer the Court to those documents for a full and complete recitation of their contents. The Combs Defendants deny all allegations of sexual misconduct or other alleged wrongdoing by them in the referenced lawsuits.

13. The Combs Defendants deny the allegations of Paragraph 13 of the Amended Complaint, except admit that Joi Dickerson-Neal has filed a civil lawsuit against Mr. Combs alleging sexual misconduct. To the extent that Paragraph 13 purports to describe the contents of legal filings in that case, the Combs Defendants respectfully refer the Court to those documents for a full and complete recitation of their contents. The Combs Defendants deny all allegations of sexual misconduct or other alleged wrongdoing by them in the referenced lawsuit.

14. The Combs Defendants deny the allegations of Paragraph 14 of the Amended Complaint, except admit that Liza Gardner has filed a civil lawsuit against Mr. Combs alleging sexual misconduct. To the extent that Paragraph 14 purports to describe the contents of legal filings in that case, the Combs Defendants respectfully refer the Court to those documents for a full and complete recitation of their contents. The Combs Defendants deny all allegations of sexual misconduct or other alleged wrongdoing by them in the referenced lawsuit.

15. The Combs Defendants deny the allegations of Paragraph 15 of the Amended Complaint, except admit that civil lawsuits have been filed against Mr. Combs alleging sexual misconduct. To the extent that Paragraph 15 purports to describe the contents of legal filings in such a lawsuit, the Combs Defendants respectfully refer the Court to those documents for a full and complete recitation of their contents. The Combs Defendants deny all allegations of sexual misconduct or other alleged wrongdoing by them in the referenced lawsuit.

16. The Combs Defendants deny the allegations of Paragraph 16 of the Amended Complaint, except admit that Rodney Jones has filed a civil lawsuit against Mr. Combs alleging

sexual misconduct.  To the extent that Paragraph 16 purports to describe the contents of legal filings in that case, the Combs Defendants respectfully refer the Court to those documents for a full and complete recitation of their contents.  The Combs Defendants deny all allegations of sexual misconduct or other alleged wrongdoing by them in the referenced lawsuit.

17. The Combs Defendants deny the allegations of Paragraph 17 of the Amended Complaint, except admit that Crystal McKinney and April Lampros have filed civil lawsuits against Mr. Combs alleging sexual misconduct.  To the extent that Paragraph 17 purports to describe the contents of legal filings in those cases, the Combs Defendants respectfully refer the Court to those documents for a full and complete recitation of their contents.  The Combs Defendants deny all allegations of sexual misconduct or other alleged wrongdoing by them in the referenced lawsuits.

18. The Combs Defendants deny the allegations of Paragraph 18 of the Amended Complaint, except admit that Adria English filed a civil lawsuit against Mr. Combs alleging sexual misconduct.  To the extent that Paragraph 18 purports to describe the contents of legal filings in that case, the Combs Defendants respectfully refer the Court to those documents for a full and complete recitation of their contents.  The Combs Defendants deny all allegations of sexual misconduct or other alleged wrongdoing by them in the referenced lawsuit.

19. The Combs Defendants deny the allegations of Paragraph 19 of the Amended Complaint, except admit that Dawn Richard filed a civil lawsuit against Mr. Combs alleging various forms of misconduct.  To the extent that Paragraph 19 purports to describe the contents of legal filings in that case, the Combs Defendants respectfully refer the Court to those documents for a full and complete recitation of their contents.  The Combs Defendants deny all allegations of misconduct by them in the referenced lawsuit.

20. The Combs Defendants deny the allegations of Paragraph 20 of the Amended Complaint, except admit that Mr. Combs was criminally indicted by a federal grand jury in the Southern District of New York and respectfully refers the Court to the indictment in that case for a full and complete recitation of its contents.  Mr. Combs denies the charges in the criminal indictment and pled not guilty to all of them; on July 2, 2025, he was acquitted on the most serious charges of racketeering and sex trafficking.

21. The Combs Defendants deny the allegations in Paragraph 21 of the Amended Complaint.

22. The Combs Defendants deny the allegations in Paragraph 22 of the Amended Complaint.

**PARTIES**

23. The Combs Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 23 of the Amended Complaint.

24. The Combs Defendants deny the allegations in Paragraph 24 of the Amended Complaint, except admit that Mr. Combs is currently in custody in the Metropolitan Detention Center in Brooklyn, New York and that Mr. Combs has been affiliated with the Company Defendants.

25. The Combs Defendants deny the allegations of Paragraph 25 of the Amended Complaint, except admit that Daddy's House Recordings, Inc. is a domestic business corporation that has been involved in music recordings, that it is incorporated in New York, has had a principal place of business at 9255 Sunset Boulevard, 2nd Floor, West Hollywood, California 90069, and that Mr. Combs is listed as the CEO in public documents, with a listed address of 1710 Broadway, New York, New York 10019.

26. The Combs Defendants deny the allegations in Paragraph 26 of the Amended Complaint except admit that defendant CE OpCo, LLC is a limited liability company, incorporated in Delaware, and is a citizen of Delaware, California, and Florida.

27. The Combs Defendants deny the allegations in Paragraph 27 of the Amended Complaint except admit that Mr. Combs has been affiliated with the Company Defendants and that: (a) Bad Boy Entertainment Holdings, Inc. is a domestic business corporation, incorporated in New York, that has had a principal place of business at 9255 Sunset Boulevard, 2nd Floor, West Hollywood, California 90069, and that Mr. Combs is listed as the CEO in public filings, with a listed address of 1710 Broadway, New York, New York 10019; (b) Bad Boy Productions Holdings, Inc. is a domestic business corporation, incorporated in New York, that has had a principal place of business at 9255 Sunset Boulevard, 2nd Floor, West Hollywood, California 90069, and that Mr. Combs is listed as the CEO in public filings, with a listed address of 1710 Broadway, New York, New York 10019; (c) Bad Boy Books Holdings, Inc. is a domestic business corporation, incorporated in New York, that has had a principal place of business at 1440 Broadway, 3rd Floor, New York, New York 10018, and the CEO listed on public filings is Eddie Norward Jr., with a listed address of 1710 Broadway, New York, New York 10019; (d) Bad Boy Entertainment LLC is a limited liability company incorporated in New York, and is a citizen of New York, Florida, and California; (e) Bad Boy Productions LLC is a limited liability company incorporated in New York, and is a citizen of New York and California.  The Combs Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Bad Boy Records LLC in Paragraph 27 of the Amended Complaint.

28. The Combs Defendants deny the allegations in Paragraph 28 of the Amended Complaint and further object to Plaintiff's purported retention of rights to further amend the Amended Complaint.

29. The Combs Defendants deny the allegations in Paragraph 29 of the Amended Complaint and further object to Plaintiff's purported retention of rights to further amend the Amended Complaint.

30. The Combs Defendants deny the allegations in Paragraph 30 of the Amended Complaint.

31. Paragraph 31 states a legal position as to which no response is required. To the extent that a response is required, the Combs Defendants deny the allegations in Paragraph 31 of the Amended Complaint and further object to Plaintiff's purported retention of rights to add additional defendants.

## JURISDICTION AND VENUE

32. Paragraph 32 of the Amended Complaint states legal conclusions to which no response is required.

33. Paragraph 33 of the Amended Complaint states legal conclusions to which no response is required.

34. Paragraph 34 of the Amended Complaint states legal conclusions to which no response is required.

## JURY DEMAND

35. Paragraph 35 of the Amended Complaint states a legal position as to which no response is required.

**FACTUAL ALLEGATIONS**

36. To the extent the allegations in Paragraph 36 of the Amended Complaint pertain to the Combs Defendants, the Combs Defendants deny the allegations in Paragraph 36 of the Amended Complaint. As to the allegations in Paragraph 36 of the Amended Complaint that pertain to persons other than the Combs Defendants, the Combs Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Amended Complaint.

37. To the extent the allegations in Paragraph 37 of the Amended Complaint pertain to the Combs Defendants, the Combs Defendants deny the allegations in Paragraph 37 of the Amended Complaint. As to the allegations in Paragraph 37 of the Amended Complaint that pertain to persons other than the Combs Defendants, the Combs Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Amended Complaint.

38. To the extent the allegations in Paragraph 38 of the Amended Complaint pertain to the Combs Defendants, the Combs Defendants deny the allegations in Paragraph 38 of the Amended Complaint. As to the allegations in Paragraph 38 of the Amended Complaint that pertain to persons other than the Combs Defendants, the Combs Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Amended Complaint.

39. To the extent the allegations in Paragraph 39 of the Amended Complaint pertain to the Combs Defendants, the Combs Defendants deny the allegations in Paragraph 39 of the Amended Complaint. As to the allegations in Paragraph 39 of the Amended Complaint that pertain to persons other than the Combs Defendants, the Combs Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Complaint.

40. To the extent the allegations in Paragraph 40 of the Amended Complaint pertain to the Combs Defendants, the Combs Defendants deny the allegations in Paragraph 40 of the Amended Complaint. As to the allegations in Paragraph 40 of the Amended Complaint that pertain to persons other than the Combs Defendants, the Combs Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Amended Complaint.

41. To the extent the allegations in Paragraph 41 of the Amended Complaint pertain to the Combs Defendants, the Combs Defendants deny the allegations in Paragraph 41 of the Amended Complaint, and expressly deny that Plaintiff was drugged by the Combs Defendants. As to the allegations in Paragraph 41 of the Amended Complaint that pertain to Plaintiff's internal mental or physical state, the Combs Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

42. The Combs Defendants deny the allegations in Paragraph 42 of the Amended Complaint.

43. The Combs Defendants deny the allegations in Paragraph 43 of the Amended Complaint.

44. To the extent the allegations in Paragraph 44 of the Amended Complaint pertain to the Combs Defendants, the Combs Defendants deny the allegations in Paragraph 44 of the Amended Complaint. As to the allegations in Paragraph 44 of the Amended Complaint that pertain to persons other than the Combs Defendants, the Combs Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Amended Complaint.

45. To the extent the allegations in Paragraph 45 of the Amended Complaint pertain to the Combs Defendants, the Combs Defendants deny the allegations in Paragraph 45 of the Amended Complaint. As to the allegations in Paragraph 45 of the Amended Complaint that pertain to persons other than the Combs Defendants, the Combs Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Amended Complaint.

46. To the extent the allegations in Paragraph 46 of the Amended Complaint pertain to the Combs Defendants, the Combs Defendants deny the allegations in Paragraph 46 of the Amended Complaint. As to the allegations in Paragraph 46 of the Amended Complaint that pertain to persons other than the Combs Defendants, the Combs Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Amended Complaint.

**FIRST CAUSE OF ACTION**
**(Battery and Sexual Assault – All Defendants)**
**(Florida Law)**

47. The Combs Defendants incorporate their responses to the preceding Paragraphs as if fully set forth herein.

48. The Combs Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

49. The Combs Defendants deny the allegations in Paragraph 49 of the Amended Complaint.

50. The Combs Defendants deny the allegations in Paragraph 50 of the Amended Complaint.

51. The Combs Defendants deny the allegations in Paragraph 51 of the Amended Complaint.

52. The Combs Defendants deny the allegations in Paragraph 52 of the Amended Complaint.

53. The Combs Defendants deny the allegations in Paragraph 53 of the Amended Complaint.

54. The Combs Defendants deny the allegations in Paragraph 54 of the Amended Complaint.

55. The Combs Defendants deny the allegations in Paragraph 55 of the Amended Complaint.

56. The Combs Defendants deny the allegations in Paragraph 56 of the Amended Complaint.

57. The Combs Defendants deny the allegations in Paragraph 57 of the Amended Complaint and state that Plaintiff did not suffer any damages as result of conduct by any of the Combs Defendants.

## RESPONSE TO PRAYER FOR RELIEF

The Combs Defendants deny every allegation in the Amended Complaint except those expressly admitted above, and deny that Plaintiff is entitled to any damages, relief, judgment, award, fees, or costs whatsoever.

## AFFIRMATIVE DEFENSES

The Combs Defendants state the following affirmative defenses and reserve their right to later assert other and additional defenses, cross-claims, counterclaims, and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate. In asserting these affirmative defenses, the Combs Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon another party.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against the Combs Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages attributable to any wrongful conduct by the Combs Defendants.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiff has any injuries or damages, such injuries or damages were the result of acts of third parties over which the Combs Defendants had no responsibility or control. Any damage, loss, or liability sustained by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than the Combs Defendants

under the principles of equitable allocation, set-off, proportionate responsibility, and comparative fault.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by Plaintiff's failure to mitigate.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any punitive damages because the Combs Defendants did not engage in any wrongful conduct, let alone conduct with malice or reckless disregard for Plaintiff's rights.

Dated: July 3, 2025
      New York, New York

Respectfully submitted,

SHER TREMONTE LLP

By:   */s/ Mark Cuccaro*
      Michael Tremonte
      Mark Cuccaro
      Erica A. Wolff
      Raphael A. Friedman
      90 Broad Street, 23rd Floor
      New York, NY 10004
      (212) 202-2600
      mtremonte@shertremonte.com
      mcuccaro@shertremonte.com
      ewolff@shertremonte.com
      rfriedman@shertremonte.com
      *Attorneys for Combs Defendants*